## HERMAN J. MEYER v. ROYALTON OIL COMPANY.[1]

April 23, 1926.

No. 25,165.

**Employe entitled to compensation.**

Holding sustained that injured employe was within protection of compensation act. [Reporter.]

Workmen's Compensation Acts, C. J. p. 73 n. 76.

---

See notes in L. R. A. 1916A, 40; 232; L. R. A. 1917D, 103; L. R. A. 1918F, 867.

See notes in 7 A. L. R. 1078. 28 R. C. L. p. 801, et seq. 3 R. C. L. Supp. 1596; 4 R. C. L. Supp. 1856; 5 R. C. L. Supp. 1568.

Upon the relation of the Royalton Oil Company, a copartnership composed of W. G. Lehfeld and Eliese Lehfeld, the supreme court granted its writ of certiorari directed to the Industrial Commission to review the order of the commission awarding compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*John G. Priebe,* for relator.

*C. Rosenmeier,* for respondent.

PER CURIAM.

Certiorari to review the order of the Industrial Commission awarding to Herman J. Meyer compensation under the Workmen's Compensation Law for injuries sustained in a collision with a freight train. The defense urged is that Meyer was not engaged in the business of his employers at the time of the accident.

The employers were engaged in the gasolene and oil business at Royalton, and employed Meyer to drive a truck and to deliver gasolene and oil to their customers in the territory adjacent to that village. It was also a part of his duties to get new business and new customers and to collect for sales previously made. He did not follow a regular route nor have fixed hours for work, but was allowed to vary his trips according to his own judgment. On the day of the accident he left Royalton about 11 o'clock and drove to Bowlus, then through the township of Swan River, and then to Little Falls where he arrived about 5 o'clock. At Little Falls he went to see the proprietor of a garage in an effort to secure a new

[1]Reported in 208 N. W. 645.

customer, and then went to the home of a friend, Frank Brodkorb, to whom he had previously sold some gasolene. He says he went there to collect the bill. Brodkorb was away. He had supper with the family and waited until Brodkorb's return which was about 8 o'clock. They visited until about 9 o'clock when he started with the truck for Royalton. About two miles out from Little Falls he collided with a freight train which was on a sidetrack extending across the highway. His injuries were serious.

The employers insist that his visit at Brodkorb's was outside his duties and for his own pleasure, and relieved them from liability for the injuries sustained in the accident. It was concededly his duty to take the truck to Royalton and he had no fixed time for doing so. He sustained his injuries while performing that duty, and we think the commission correctly held that he was within the protection of the compensation act.

Award affirmed.