Mabshall, C. J.
 

 The question to be determined in this case is whether Kasari was, at the time of his injury, in the course of his employment, and in its ]ast analysis it must be ascertained whether his approach to the plant of the employer, after reaching the premises of the employer, but before reaching the plant, brings him within the hazards of the employment. In deciding the instant case, it is not necessary to declare a universal rule that the hazards begin in all instances at the point where the employe crosses the line of the employer’s premises. The extent of the grounds of the employer and the remoteness or proximity of the plant to the place of entrance, and many other elements, may enter into the inquiry. In the instant case the entrance to the employer’s premises was not sufficiently remote to cause the decision to turn upon that point.
 

 In employers’ liability cases the Supreme Court of the United States has made declarations which have a bearing upon this inquiry. In
 
 Erie Rd. Co.
 
 v.
 
 Winfield,
 
 244 U. S., 170, 37 S. Ct., 556, 61 L. Ed., 1057, Ann. Cas., 1918B, 662, the employe was leaving the employ
 
 *412
 
 ment at the end of Ms day’s work. It was declared that he was discharging a duty of his employment. It was stated in the opinion in that case, page 173 of 244 U. S., 37 S. Ct., 557: “Like his trip through the yard to his engine in the morning, it was a necessary incident of his day’s work and partook of the character of that work as a whole, for it was no more an incident of one part than of another.” This is but one of numerous cases .decided by the Supreme Court of the United States which hold that under the Federal Employers’ Liability Act (Title 45, Sections 51 to 59, U. S. Code) employes injured while on the way to work, after reaching the premises of the employer, are within the course of the employment. We are not able to draw a logical distinction between “course of employment” under the Workmen’s Compensation Laws of Ohio (Section 1465-37
 
 et seq.,
 
 General Code) and the same phrase under the Federal Employers’ Liability Act.
 

 It is not necessary, however, to go beyond the decisions of this court. In
 
 Industrial Commission
 
 v. Barber, 117 Ohio St., 373, 159 N. E., 363, this court affirmed an award for an injury received by a workman just outside the premises of his employer while on his way to work. This was upon the principles declared in the syllabus that the zone of the employment in that case was under the control of the employer, because it afforded the only unobstructed access to the employer’s premises. The fact that it was the' only unobstructed means of access was only important as showing that he was within the zone of the employment and therefore had entered upon the course of his employment. The question of control only entered into the consideration of that case because the workman was injured outside the premises of the employer. In the instant case, the workman had reached the premises by means of a roadway which was a much-used, though not an exclusive,
 
 *413
 
 means of access. It is the insistence of the Industrial Commission that the hazards of employment do not in the nature of things begin until the employe has reached the place where his service is to be rendered, or at least more nearly to the immediate place of service than the grounds outside of the plant. If this contention be sustained, it would necessarily result in overruling the
 
 Barber case,
 
 because in that case the second paragraph of the syllabus states: “The hazards of such zone growing out of the conditions and environments of his employment are hazards of his employment, and an injury received by an employe due to such hazards is compensable out of the industrial insurance fund of the "Workmen’s Compensation Law.”
 

 It is true that there were certain hazards in that case which do not exist in the instant case. There were no separate sidewalks, but on the other hand pedestrians and vehicles traversed a common roadway. This fact, however, does not avoid the obvious holding in that case that the hazards do begin before the employe has reached the plant, and even before he has reached the premises. The further fact that the employer in that case had a certain control over the zone outside of the enclosure, and that the employer failed to provide separate sidewalks for pedestrians, is not decisive or even important. The most that could be said in the instant case is that the employe did not exercise due care in crossing from one sidewalk to the other. But due care, or want of it, has no relation whatever to the recovery of ordinary compensation for accidents in industry. Negligence is only considered where it is sought to add a penalty to the ordinary award. It is urged in argument, on behalf of the Industrial Commission, that Kasari would not have been killed if he had not attempted to cross the roadway. It would be difficult to say on a reading of this record that his injuries were due solely
 
 *414
 
 to the fact of his attempting to cross from one sidewalk to the other. But if that conclusion were inevitable it would not defeat recovery. The contributory negligence of the employe does not defeat a recovery, unless the injury he purposely self-inflicted.
 

 In this case the court of common pleas found that the claimant was entitled to participate in the fund. The Court of Appeals not only reversed that judgmént, hut rendered final judgment in favor of the Industrial Commission. In any event, the Court of Appeals erred in entering final judgment in favor of the Industrial Commission, unless there was no evidence to support the judgment of the trial court.
 
 Bridgeport Bank Co.
 
 v.
 
 Shadyside Coal Co.,
 
 121 Ohio St., 544, 170 N. E., 358. There are no conflicts in the evidence on any element of this ease, unless it be upon the question of the condition of the sidewalk on the south side of the roadway just inside of the entrance to the employer’s premises. The question of the course of the employment is one of fact. It was decided hy the trial court in favor of the claimant. Inasmuch as that judgment was reversed by the Court of Appeals and final judgment entered in favor of the Industrial Commission, it is apparent that the Court of Appeals was not reversing upon the weight of the evidence, but rather finding as its conclusions of law from the undisputed evidence that Kasari was not, at the time of his injury, in the course of his employment. Following the decision in the
 
 Barber case,
 
 and reaffirming the principles of the second syllabus, the decision of the Court of Appeals must be reversed, and that of the common pleas affirmed.
 

 Judgment reversed.
 

 Matthias, Bay, Allek, KiNKade and StepheNSON, JJ., concur.
 

 Jokes, J., concurs in the judgment.