## HAROLD P. BENNETT'S CASE.

Androscoggin.    Opinion, September 15, 1943.

50

*Harris M. Isaacson,*

*Eugene F. Martin,*

*Arthur D. Welch,* for the petitioner.

*Forrest E. Richardson,* for the defendant, Charles Cushman Company.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J. Appeal from a decree confirming an award of compensation by the Industrial Accident Commission of this State.

The Petitioner was employed as a room-man in the shoe shop of Charles Cushman Company in Auburn, Maine, and a part of his work was to move racks loaded with shoes from the treeing room down a ramp to the lining and repairing room on the floor below and return the empty racks to the treeing room by loading them on a chain conveyor. The descent of the ramp was gradual and there was a guard rail on it three feet high and on the side next to the conveyor.

The Commissioner who heard this case found that on May 9, 1942, which was a Saturday and a half holiday, the factory was rushed in an attempt to fill orders and effort was being made to speed up production and the Petitioner, a thin, wiry and very active man in his forties, hurrying to keep up his end of the work, came down the ramp leading to the lining and repairing room intending to go to that part of that room where the empty racks were to be put upon the conveyor, and, rather than to go to the end of the ramp and around the side of it to the conveyor, vaulted the rail a few feet up the ramp and in doing so fractured his right femur. At the point where the employee vaulted the rail the distance down from it to the floor of the lining and repairing room was three feet, seven and a quarter inches. There was no evidence that the employee ever jumped the rail before, ever saw any other employee do it or that any instructions or rule prohibiting it had been issued. Upon these findings the Commissioner awarded compensation.

A personal injury to be compensable under the Workmen's Compensation Act of this State must be by accident arising out of and in the course of the employment. *Revised Statutes*, Chap. 55, Sec. 8. An injury by accident arises out of the employment when it is due to a risk of the employment and it occurs in the course of the employment when the employee is carrying on the work which he is called upon to perform or

something incidental to it. *Wheeler's Case*, 131 Me., 91, 159 A., 331; *Gooch's Case*, 128 Me., 86, 145 A., 737. An accident cannot arise out of the employment if it does not take place in the course of it. *Wheeler's Case*, supra; *Gooch's Case*, supra; *Sullivan's Case*, 128 Me., 353, 147 A., 431; *Fournier's Case*, 120 Me., 236, 113 A., 270, 23 A. L. R., 1156.

It is equally well settled that if an injury results to an employee from his doing something his employment neither required nor expected or in a place where his employment did not take him it cannot be said to arise out of the employment. *Healey's Case*, 124 Me., 145, 126 A., 735; *Saucier's Case*, 122 Me., 325, 119 A., 860. See *Hurley's Case*, 240 Mass., 357, 134 N. E., 252. But contributory negligence on the part of the employee does not necessarily bar his right to compensation and it is held that even if an employee, while acting in the scope of his employment, performs his duties recklessly and knowingly exposes himself to danger, unless the injury can be said to have been inflicted by willful intention, the manner in which he does his work may be deemed to be a risk incidental to the employment and the injury received compensable. *Fournier's Case*, supra; *Pepper* v. *Sayer* (1914), 3 K. B., 994; *Mt. Olive Coal Co.* v. *Industrial Com.*, 355 Ill., 222, 189 N. E., 296; *White* v. *Industrial Comm.*, 167 Wis., 483, 167 N. W., 816. As Lord Atkinson said in *Barnes* v. *Nunnery Colliery Co. Ltd.* (1912), App. Cas., 44, "A distinction must always be drawn between the doing of a thing recklessly or negligently which the workman is employed to do and the doing of a thing altogether outside and unconnected with his employment." See *Mt. Olive Coal Co.* v. *Industrial Com.*, supra.

The case at bar warrants the finding that the injured employee was hurrying to get from the treeing room to the lining and repairing room of the factory where he was employed by way of the ramp for the purpose of performing his regular duties. It was strictly within the scope of his employment to do this and, under the circumstances disclosed here, to do it ex-

peditiously. It is true that he could have gone a few feet further down to the ramp, turned around the end of the guard rail and with little delay and greater safety reached the place to which he was going, and to vault the rail may have been imprudent, perhaps negligent, but with its height only three feet and a drop on the other side but little more, for a wiry, active man in his forties his conduct can hardly be viewed as unreasonably reckless. We are of opinion that in vaulting the rail the employee here acted imprudently but did not take himself out of the scope of his employment.

The finding by the Industrial Accident Commission that the Petitioner's injury arose out of and in the course of his employment was based on evidence of probative value and the award of compensation confirmed in the Court below must be sustained.

*Appeal dismissed.*
*Decree below affirmed with costs.*