420 P.2d 32

**Thane SENDEJAZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Arizona Biltmore Hotel, Inc. (Arizona Biltmore Hotel), Respondents.**

**No. I CA–IC 87.**

Court of Appeals of Arizona.

Nov. 10, 1966.

Rehearing Denied Dec. 6, 1966.

Review Denied Dec. 28, 1966.

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Joyce Volts, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award finding that an injury sustained by the petitioner was not the result of an accident arising out of and in the course of petitioner's employment.

We are called upon to determine whether an accident sustained on the employer's premises by an employee, while off duty and on the way home, is an accident within and in the scope of the employee's employment under the Arizona Workmen's Compensation Act.

The facts necessary for a determination of this matter are as follows: Petitioner was a waiter employed by the respondent Arizona Biltmore Hotel in Phoenix, Arizona, during the winter season. His employment required that he work three split shifts; breakfast, lunch, dinner. The dinner shift commenced at approximately 5:30 p. m., and the petitioner usually worked until after 10:00 p. m., and sometimes as late as midnight. Petitioner was not required to live on the hotel premises, but he did so for convenience sake, and paid $50.00 per month as rent to the hotel which was deducted from his salary. Petitioner's wife and children lived in Buckeye, Arizona, more than 25 miles away. On 29 November 1964, at the close of the dinner shift, he decided to drive to Buckeye on his motor scooter to pick up some clean white shirts which he wore in the course of his employment. The hotel provided laundry facil-

ities for the washing of petitioner's shirts, but he preferred to have his wife do his laundry.

Petitioner left the hotel on his motor scooter and while driving on a paved road owned and maintained by the hotel, the motor scooter hit a small rock on the road, or the brakes locked. In either case, he fell from the motor scooter. He suffered multiple injuries which resulted in the loss of the sight of one eye.

Following a hearing at which these facts were presented, the Commission issued a finding and award denying compensation, and after appropriate motions for rehearing, the petitioner sought a writ of certiorari in this Court to review the lawfulness of such award.

Our statute states that an employee is entitled to compensation if he is injured "by accident arising out of and in the course of employment, wherever the injury occurred". 23–1021, subsec. A, A.R.S. The term "arising out of" indicates that there must be some causal connection between the injury and the employment. Generally, the so-called "going and coming" rule, in the absence of special circumstances, excludes from workmen's compensation benefits an employee injured going to or coming from his place of employment. 8 Schnieder, Workmen's Compensation, § 1710, page 3. The rationale of said rule is that any risk to which the employee is exposed while going to or coming from work, he is not exposed to as an employee—or incident to his employment—but as a member of the general public. Thus, it has been stated:

> "When an employee has finished his work and is on his way home, a mission of his own, and is injured at a place where he is not required to be by his employment, he is not within the provisions of the compensation law." Richtarik v. Bors, 142 Neb. 226, 5 N.W.2d 199, 142 A.L.R. 881 (1942).

And:

> "Such injuries do not arise out of and in the course of employment if they arise

out of ordinary hazards of a journey and such hazards are faced by all travelers and which (sic) are unrelated to employer's business." Barrington v. Johnn Drilling Co., 51 N.M. 172, 181 P.2d 166, 169 (1947).

This rule has proven to be unjust when applied to all cases of travel to and from the home of the employee and there are numerous exceptions to the rule, the most notable being the "on premises" rule which can be stated thusly:

> "In further clarification of the general rule it has been held that injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment." Pacific Indemnity Co. v. Industrial Accident Commission, 28 Cal.2d 329, 170 P.2d 18, 22, 23 (1946).

"Premises" within the meaning of the rule has been construed to include that part of the property of the employer which is required for ingress and egress. Bennett v. Vanderbilt University, 198 Tenn. 1, 277 S.W.2d 386 (1955).

The "on premises" rule appears to be the majority rule in the United States. Arizona has, however, clearly aligned itself with the minority in rejecting the "on premises" rule as an exception to the general "going and coming" rule. The leading Arizona case on this subject is the case of McCampbell v. Benevolent and Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950). In that case, the employee slipped and fell on steps leading to the office while on his way to work. The steps were on the premises maintained by the employer, and our Supreme Court stated:

> "The accidental fall of deceased certainly did not arise out of a risk or danger that was inherent in the nature of the employment, that is, there was nothing in the nature of his employment that was in itself hazardous or dangerous. The question then is, Was (sic) the accident

and injury incidental to his employment so that we can say that there was a causal connection between the condition of the work required of deceased and the resulting injury? If the deceased had fallen on the city street or sidewalk before entering the premises of the Elk's Lodge according to the weight of authority constituting the better-reasoned cases, the injury sustained would not have been compensable. * * * We believe the better rule to be that unless there is some special risk or danger upon the premises to which the employee is subjected, that if he is injured before entering upon his work that such injury does not arise out of his employment and is therefore noncompensable. It is our duty to consider the evidence in the light most favorable to sustain the findings and award of the Industrial Commission. The Commission reached the conclusion that the injury to deceased did not rise out of his employment and we believe this decision to be reasonably supported by the evidence." McCampbell, supra, page 254, 226 P.2d page 153.

In the instant case, the petitioner was on his way to visit his family after work. He was not required to do this because of his employment nor was there any special danger in conjunction with his employment that made ingress or egress from the premises a particular risk. The fact that petitioner was going to his home to obtain clean shirts adds little to the fact situation. Petitioner was not required as a part of his employment to have his shirts laundered at home in Buckeye and when he did travel to his home he did so, not as an incident to his employment, but as a member of the public sharing the general hazards of travel along with them.

Applying the McCampbell v. Benevolent and Protective Order of Elks case, supra, to the facts in this case and considering the evidence in the light most favorable to sustaining the findings and award of the Commission, we determine that the injury did not arise out of or occur in the course of petitioner's employment. See also Helton v. Industrial Commission, 85 Ariz. 276, 336 P.2d 852 (1959).

The award is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.