444 P.2d 741

**Walter RENCEHAUSEN, Petitioner,**

v.

**WESTERN GREYHOUND LINES, Division of Greyhound Lines Incorporated, and The Industrial Commission of Arizona, Respondents.**

**No. 1 CA–IC 177.**

Court of Appeals of Arizona.

Sept. 10, 1968.

Silver, Silver, Ettinger & Karp, by Leonard I. Karp and Jack A. Ettinger, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, by Spencer K. Johnston, Tucson, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review an award of the Industrial Commission of Arizona which denied compensation to the petitioner.

We are called upon to determine if petitioner's injuries were sustained while he was within the scope and course of his employment.

The facts necessary for a determination of this matter are as follows. Petitioner was employed by respondent Western Greyhound Lines, Division of Greyhound Lines, Inc., as a bus driver. Because of lack of sufficient seniority the petitioner was on the "extra board" at the Phoenix terminal. The testimony indicates that petitioner "bid" (by exercising what seniority rights he had) to become a member of the Phoenix extra board. Prior to this time the petitioner had worked on the extra board in Albuquerque, New Mexico; El Paso, Texas; Indio, California; and Tucson, Flagstaff, and Phoenix, Arizona. At the time of the accident he lived with his family in Tucson, although he rented a room in Phoenix where he could stay and where the company could reach him by telephone. These facts were known by the respondent Greyhound Lines.

On the morning of 7 February 1966, petitioner, in Tucson, called the supervisor in Phoenix and ascertained that he would be called for about 9:00 p. m. that evening. Petitioner, using his regular "annual" Greyhound pass, left Tucson about 4:00 p. m. for Phoenix on Greyhound Lines bus. This pass was a general pass which petitioner could use at any time for any purpose so long as he did not take a seat needed by a revenue producing passenger. The testimony of the Assistant Regional Manager for Western Greyhound Lines indicated that whenever a person traveled on company business he was issued a "pink slip" or pass. Petitioner used a yellow slip with his annual pass which indicated it was for personal use rather than company business.

Before the bus could reach the Phoenix Greyhound terminal it was involved in an accident at 7th Street and East Washington in Phoenix and petitioner was injured. Petitioner reported for duty that night and drove a bus to Flagstaff and back. However, he was unable to work thereafter because of his injuries, and at the time of the hearing in August (1966) he had not returned to work.

The question before this Court is whether the injuries received by the petitioner at the time and place indicated are properly considered a risk of employment and arose out of and in the scope of his employment.

■ Our statute, § 23–1021, subsec. A, A.R.S. and our Constitution, Article XVIII, Section 8, 1 A.R.S., provide that an employee is only entitled to compensation if he is injured "by accident arising out of and in the course of his employment, wherever the injury occurred". (§ 23–1021, subsec. A, A.R.S.) In other words, there must be some causal connection between the injury and the employment.

Our Supreme Court by the adoption of the "going and coming" rule has in absence of special circumstances excluded from the Workmen's Compensation Act risks to which the employee is exposed when coming or going to work which risks are shared with members of the general public. Our Supreme Court in Hancock v. Industrial Commission, 82 Ariz. 107, 309 P.2d 242 (1957) cited with approval:

"* * * the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils * * *." Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 182 (1929).

Our Supreme Court likewise has rejected the "on the premises" rule. McCampbell v. Benevolent & Protective Order of Elks, No. 536, 71 Ariz. 244, 226 P.2d 147 (1950). Even if we consider the bus itself as the "premises", as petitioner contended in his argument, this would not assist petitioner.

■ It is apparent that petitioner traveled to and from Tucson not on company business but private business. While a member of the Phoenix extra board by his own choice he used his annual pass to travel to Tucson and back where he maintained his residence. The company did not require him to use his pass and ride the bus. Petitioner could drive to Phoenix and his testimony was that he sometimes did this. While petitioner's actions were not unique

and were within the knowledge of the respondent-employer the situation was neither created nor encouraged by the company. We do not believe that these facts indicate he was within the "scope and course" of his employment at the time of the accident. Sendejaz v. Industrial Commission, 4 Ariz. App. 309, 420 P.2d 32 (1966), McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

■ Petitioner also contends that because the company had control over the petitioner prior to work in that the company required that the petitioner refrain from drinking alcoholic beverages so many hours prior to reporting for duty that there was some control over petitioner which caused him to be in the course and scope of his employment at the time of the accident. We do not agree with this contention. The fact than an employer requires an employee to arrive for work free of alcohol does not mean that in refraining from alcohol before work the employee is within the scope of the employment during that time any more than an employee who must bathe and put on clean clothes before work is in the scope and course of employment while bathing and dressing.

The award of the Commission is affirmed.

DONOFRIO and STEVENS, JJ., concur.