444 P.2d 750

**CITY OF PHOENIX, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and John N. Adams, Respondents.**

**No. I CA–IC 184.**

Court of Appeals of Arizona.

Sept. 10, 1968.

Rehearing Denied Sept. 27, 1968.

Review Granted Nov. 12, 1968.

Affirmed Jan. 16, 1969.

See 104 Ariz. 120, 449 P.2d 291.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Jr., Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, Industrial Commission, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona which denied compensation to the employee of petitioner, City of Phoenix.

The issue presented is whether or not the employee was in the course and scope of his employment when he incurred an accidental injury.

The facts presented are as follows. On 16 June 1966, John N. Adams, an employee of the City of Pheonix, was injured in a fall in an elevator located in the Municipal Building of the City of Phoenix at 251 West Washington Street. Mr. Adams was employed by the City of Phoenix as a civil engineer. His offices were located on the 7th Floor of this building.

Mr. Adams had been afflicted with an arthritic condition for approximately 20 years prior to his injury, and for approximately 5 years prior to his injury he had been so badly crippled that he required the assistance of crutches to ambulate. Be-

cause of this it was Mr. Adams' custom to go to the office at 7:30 a. m. prior to the 8:00 o'clock rush and to leave the building at approximately 4:30 p. m. prior to the 5:00 o'clock rush. The co-employees of Mr. Adams assisted him in numerous manners such as helping him out of his chair and going with him when he left work for the day to bring his car around to the office building basement so that he would not have to walk to the parking lot. Frequently in the morning one of them would pick him up at the parking lot and drive him to the office building.

On the day of the accident Mr. Adams left work at approximately 4:30 p. m. He rode down the elevator from the 7th Floor to the first floor where the other passenger got off. He then rode the elevator alone to the basement. As he was leaving the elevator, something occurred in the closing of the doors to knock him off balance (he being on crutches) and he fell backwards into the elevator and broke his leg. The elevator was then "called" to the 5th Floor where Mr. Adams was discovered by another employee of the City of Phoenix.

Mr. Adams was unable to say exactly what caused him to fall although he did state that on other occasions he had had the doors of another one of the numbered elevators close on him suddenly. He testified that he had never before had difficulty with the elevator on which he was riding that night, Number 2, but it seemed to him then that the doors closed suddenly. Mr. Adams testified that at the time the accident occurred he had completed his work for the day and was on his way home.

The Industrial Commission issued an award and findings on 8 November 1967 finding as follows:

"1. On June 16, 1966, applicant sustained an injury by accident on his employer's premises while he was off duty and on his way home.

"2. Applicant was not subjected to any special risk or danger while upon his employer's premises.

"3. Applicant did not sustain an injury by accident arising out of and in the course of his employment on June 16, 1966, within the meaning of the Arizona Workmen's Compensation Law."

And the Commission also reaffirmed a previous determination for non-compensable claim. The employer, the City of Phoenix, petitions this Court to review the lawfulness of that award and findings.

The City of Phoenix takes the position that the employee's injury is compensable because (1) the accident occurred "on the premises" of the employer, and (2) the use of the elevator was a "special risk" of the employment because the offices were on the 7th Floor of the Municipal Building.

This Court has discussed the "on premises" rule:

"The 'on premises' rule appears to be a majority rule in the United States. Arizona has, however, clearly aligned itself with the minority in rejecting the 'on premises' rule as an exception to the general 'going and coming' rule. The leading Arizona case on this subject is the case of McCampbell v. Benevolent and Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950). * * *" Sendejaz v. Industrial Commission, 4 Ariz.App. 309, 311, 420 P.2d 32, 34 (1966).

Also see Rencehausen v. Western Greyhound Lines, 8 Ariz.App. 184, 444 P.2d 741, filed this day.

A.R.S. § 23–1021, subsec. A states that an employee is entitled to compensation if he is injured "* * * by accident arising out of and in the course of his employment, wherever the injury occurred * * *". The term "arising out of" has been interpreted to mean that there must be some causal connection between the injury and the employment. Sendejaz v. Industrial Commission, supra. The so-called "going and coming" rule excludes from workmen's compensation benefits an employee who is injured going to or coming from his place of employment on the theory that any risk to which the employee

is exposed while going to or coming from work is not incident to his employment, but is related to the employee's activities as a member of the general public. In the instant case the use of the elevator in the City of Phoenix Municipal Building was a hazard to which the employee was subjected as a member of the general public and was not a special risk of his employment. Our Supreme Court stated in Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968), "Our workmen's compensation act, like those of most jurisdictions, was not intended to give protection to workers going to and from work."

It is the opinion of this Court that the award and findings of the Industrial Commission is reasonably supported by the evidence.

Award affirmed.

DONOFRIO and STEVENS, JJ., concur.