450 P.2d 122

Patriciann INMAN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier,

and

Pima County Board of Supervisors (Pima County Sheriff's Office), Respondent Employer.

No. I CA–IC 207.

Court of Appeals of Arizona.

Feb. 10, 1969.

Rehearing Denied March 14, 1969.

Review Denied April 15, 1969.

---

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, Phoenix, by Dee-Dee Samet, Phoenix, for respondents.

STEVENS, Judge.

The limited question presented in connection with the review of this industrial claim is whether an employee who is leaving her employer's premises, with the intent of eating her lunch and thereafter returning to her employment, and falls on the stairs of the premises was injured "from any accident arising out of and in the course of" her employment. (Quotation from § 8, Art. 18 of the Arizona Constitution, 1 A.R.S.). There was no defect in the stairs. Our answer to this legal question is that she was not then within the constitutional language and was not entitled to compensation under The Arizona Workmen's Compensation Act.

On 16 January, 1967 and for some time prior to that date the petitioner was employed as a deputy sheriff in the office

of the Sheriff of Pima County. Her duties were primarily secretarial. The office of the Sheriff was located some distance from the center of Tucson. Occasionally, some of the employees brought their lunches to their place of employment and these were eaten at their respective desks there being no special facilities provided for this purpose. There were no public eating places in the immediate vicinity of the Sheriff's office so that from a practical standpoint it was necessary for an employee who did not desire to eat at her desk to drive some distance to purchase lunch.

At approximately noon on the day in question the petitioner was in the process of leaving the building during her arranged lunch hour. While descending a short flight of steps she fell sustaining injuries. The route followed by the petitioner was one used by the general public and by other employees. It was a route which she had used on numerous occasions while reporting to work, while departing from work, and while leaving the building during normal office hours in the performance of office duties which required her absence from the building.

Petitioner urges that due to the distance between her place of employment and commercial eating establishments that the principle which we will call "lunch on the employer's premises principle" should apply. She cites the cases of Goodyear Aircraft Corporation v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511 (1945) and Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953). We are unable to agree that these cases apply. Another case involving the eating of lunch on the employer's premises is Tipton v. Industrial Commission, 7 Ariz.App. 39, 435 P.2d 874 (1968).

The Industrial Commission urges that a legal principle which we will call "the entering or leaving premises owned and controlled by the employer principle" should apply. The Industrial Commission cites the cases of McCampbell v. Benevolent & Protective Order of the Elks, 71 Ariz. 244,

226 P.2d 147 (1950); Sendejaz v. Industrial Commission, 4 Ariz.App. 309, 420 P.2d 32 (1966); and City of Phoenix v. Industrial Commission, 8 Ariz.App. 193, 444 P.2d 750 (1968) which case was affirmed on review by the Arizona Supreme Court. The Supreme Court's opinion bears the same title and was filed on 16 January, 1969. 104 Ariz. 120, 449 P.2d 291. We agree with the Commission.

We are unable to hold that the custom or the necessity of eating lunch, without more, has that essential relationship to the course and scope of employment which would place an employee under the mantle of the Workmen's Compensation Act, even though this activity is essential to enable one to properly serve his employer during the remainder of the scheduled work day. It is unfortunate, when, as here, an employee sustains serious injuries which are not covered by Workmen's Compensation.

The award is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.