468 P.2d 596

**Elva Alice ROYALL, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mountain States Telephone Company, Respondent Employer,**

**Mountain States Telephone Company, Respondent Carrier.**

**No. I CA–IC 276.**

Court of Appeals of Arizona, Division 1, Department A.

April 28, 1970.

Rehearing Denied May 26, 1970.

Review Granted June 23, 1970.

⸺◆⸺

Gorey & Ely, by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Fennemore, Craig, von Ammon & Udall, by Michael Preston Green and C. Webb Crockett, Phoenix, for respondent Mountain States Telephone Co.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and finding of the Commission for noncompensable claim which found that the injury sustained by the petitioner occurred during the course of her employment, but that the accident did not arise out of her employment.[1]

The question before the Court is whether the evidence presented to the Commission reasonably supports the award.

The petitioner was employed by the respondent employer when she suffered an accidental injury on Wednesday, April 17, 1968. On the date of the accident petitioner worked as a telephone operator in the telephone company building at Adams St. and First Avenue in downtown Phoenix. Her shift began at 5:00 p. m. and ended at 11:00 p. m. As was her custom, at 8:00 p. m. the petitioner took a one-half hour break. She was paid for this time, which the employer considered to be a combination of two fifteen-minute coffee breaks. Normally during this period petitioner had

1. This case was decided under the law as it existed prior to January 1, 1969.

coffee in the respondent employer's cafetorium, and then returned to work by 8:30 p. m. On the date of the accident petitioner was walking toward and reaching for a telephone to make a personal telephone call during the period of her coffee break, when she tripped, fell to the floor, and was injured. The fall occurred just as petitioner started to step over the legs of a person who was sitting on a couch in the lounge. This person apparently started to move at the same time and caught petitioner's foot, causing her to trip and fall.

The petitioner did not make a formal report of the accident at the time, but did obtain from her supervisor some green pain pills which were supplied by the respondent employer. The next day, Thursday, April 18, 1968, was petitioner's day off. She started to experience pain and telephoned her family doctor. He saw her on Friday, April 19, 1968, and reported to the Commission his diagnosis of "possible fracture of the left rib 10th or 11th." This same day petitioner telephoned her supervisor and was told that because she had seen her personal physician first, without reporting the accident to the company or making an attempt to contact the company doctor, her claim would not be recognized by respondent employer. Consequently, the petitioner's first workman's report of injury was signed on April 26, 1968, and filed April 29, 1968.

Timely procedural steps culminated in a hearing which was held October 2, 1968. Petitioner was the first witness to testify. She testified to the facts surrounding her accidental injury previously set forth.

The second witness at the hearing was Charles Kline, president of petitioner's union. He stated that to his knowledge nothing was given in writing to the employees of respondent employer concerning the procedures to be followed when an employee was injured on the job. He also testified that the respondent employer had a guard on duty at the door at night for the protection of the women employees.

The findings and award complained of made the following findings (in part):

"FINDINGS

"1. That the claimant sustained injury by accident during the course of her employment on April 17, 1968.

"2. That said accident did not arise out of claimant's employment and it is therefore noncompensable."

The issue before this Court is specifically limited by the award to whether or not the accident "arose out of" claimant's employment.

In McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950), our Supreme Court rejected the "on premises" rule as an exception to the "coming and going" rule. Having done this, the court then proceeded to define "arising out of" as follows:

"We believe a fair interpretation of the term 'arising out of' to be that the cause producing the accident must flow from a source within the employment. That source must have its situs in some risk inherent in the employment or incidental to the discharge of the duties thereof. In other words there must be some causal relation between the employment and the injury. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188. If an employee is injured by accident while engaged in the performance of some duty for an employer reasonably contemplated in the employment, regardless of the cause of the accident, it must be considered as an accident during the course of and arising out of such employment due to a risk inherent in the employment or incidental thereto. The risk or danger to which the employee may be subjected may be one existing independently, over which the employer has no control, and for which he is in no wise responsible. It is enough if the duties of the employee require him to subject himself to such risk or danger. The accident caused thereby arises out of the employment as much so as if the employ-

 

er were responsible for such risk or danger. (citations omitted)." 71 Ariz. at 251, 226 P.2d at 151

In Inman v. Industrial Commission, 9 Ariz.App. 156, 450 P.2d 122 (1969), we were faced with a fact situation in which the petitioner, during her lunch hour, was injured in the process of leaving the building in which she was employed. While descending a short flight of steps she fell, sustaining injuries. In that instance, we said:

"We are unable to hold that the custom or the necessity of eating lunch, without more, has that essential relationship to the course and scope of employment which would place an employee under the mantle of the Workmen's Compensation Act, even though this activity is essential to enable one to properly serve his employer during the remainder of the scheduled work day. * * *" 9 Ariz. App. at 157, 450 P.2d at 123

Here, however, we have more than the custom or necessity of eating lunch. In this case, the petitioner established that it was her custom to take her double break in the employer's cafeteria and to remain on the premises. She testified that she was not aware of any restaurants that would be both convenient to the employer's location and open at the 8:00 p. m. evening hour. Here we have several factors which, when taken together, we believe bring this case within the interpretation of "arising out of" adopted by the Supreme Court in McCampbell. The petitioner was on the employer's premises, and was under the control of the employer during her break. In addition, she was on a paid double break rather than on an unpaid lunch hour. This case is also distinguishable from Sendejaz v. Industrial Commission, 4 Ariz.App. 309, 420 P.2d 32 (1966), in which this Court discussed the "going and coming" rule, and the exception to that which is termed the "on premises" rule, stating that Arizona has rejected the "on premises" rule.

It is the opinion of the Court that the case law of this state as applied to the fact situation herein makes it clear that the petitioner's injury was one both in the course of her employment and arising out of her employment within the purview of the Workmen's Compensation Act.

For the reasons set forth above, the award is set aside.

STEVENS and CAMERON, JJ., concur.