Pauline V. MARTIN

v.

CUMBERLAND COUNTY COMMISSIONERS' MANPOWER DEPARTMENT and/or Maine Bonding & Casualty Company.

Supreme Judicial Court of Maine.

Jan. 10, 1979.

Marcel J. Viger (orally), Biddeford, for plaintiff.

Ronald D. Russell (orally), Robert E. Noonan, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

Pauline V. Martin, formerly a clerk-typist in the Cape Elizabeth office of the Cumberland County Commissioners' Manpower Department, appeals from the Superior Court pro forma decree affirming the decision of the Workers' Compensation Commission dismissing Martin's petition for compensation. We deny the appeal.

On March 16, 1976, Martin was permitted to leave her clerk-typist job· at Cape Elizabeth 2½ hours earlier than usual because of a severe late winter storm. Even though she worked for less than her usual eight hours, her employer made no reduction in her usual full day's pay. While driving home, about 1½ hours after she left work, Martin was involved in a one-car accident, in which she sustained injuries requiring amputation of two and a half of the fingers on her right hand.

The general rule is well established that an accident taking place on public streets while the employee is on his way to or from work is not compensable. *See Oliver v. Wyandotte Industries Corp.*, Me., 308 A.2d 860, 861 (1973). A "special errand" exception has been carved out of that general "public streets" rule, *see, e. g., Abshire v. City of Rockland*, Me., 388 A.2d 512 (1978), but the facts of this case do not permit its application here. Martin's trip was not for a purpose which in any way served the convenience or business interest of her employer; she was making the same trip from her working place to her home as she made every other working day. The employer's gratuitous decision to permit Martin to leave for home early without cutting her pay does not in any way convert her personal commuting trip into a business errand "arising out of" her employment. *See Boone v. Industrial Commission*, 12 Ariz.App. 521, 472 P.2d 490 (1970). The employer appropriately compares that continuation of pay during the employee's commute to a paid vacation or a paid sick leave.

The employee's injuries did not arise out of and in the course of her employment.

The entry must be:

Appeal denied.

Judgment affirmed.

DELAHANTY and POMEROY, JJ., did not sit.