474 P.2d 442

**Toby SACKS, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Tucson School District No. 1, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 325.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 24, 1970.

Rehearing Denied Oct. 27, 1970.
Review Denied Dec. 15, 1970.

Davis & Eppstein by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for the Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Tucson, for State Compensation Fund.

JACOBSON, Judge.

The petitioner in this Workmen's Compensation proceeding was a stock clerk in the employ of the respondent School District on April 22, 1968,[1] when she sustained a protrusion or herniation of lumbar discs while arising from a toilet on the premises of the employer. The issue before us is whether the injury was one "arising out of" the petitioner's employment. See A.R.S. § 23–1021, subsec. A. Under the facts, we find ourselves in agreement with the determination of the Commission denying compensation.

While the evidence adduced at the hearing before the referee indicates that petitioner had been engaged in some light physical activity prior to her unfortunate experience, there is no contention here that this activity was instrumental in producing the injury in question. Petitioner has no quarrel with the facts found by the referee, which he paraphrases in his "Statement of Facts" as follows:

"According to the Referee's Report, applicant clearly had a pre-existing low

---

1. This case is decided under the law as it existed prior to January 1, 1969.

back instability which was aggravated by the arising from the toilet. This act produced the herniation of the discs. The discs were later removed, surgically.

"The toilet was a normal toilet, provided by the employer on the premises for use of petitioner and other female employees during working hours. The incident occurred during petitioner's working hours, while she was arising after using the toilet for its normal purpose, and in a normal manner.

"The Commission found this to be an 'accident,' and 'in the course of employment,' but not 'arising out of' the employment; hence a non-compensable claim."

■ Petitioner makes reference to what has been called the "personal comfort doctrine." Under this doctrine, it is commonly held that employees who engage in reasonable acts which minister to their personal comforts remain within the course and scope of employment, and may be compensated for resulting injuries which can be said to arise out of the employment. *See generally* 1 A. Larson, The Law of Workmen's Compensation § 21.00 et seq. (1968), and 7 Schneider's Workmen's Compensation § 1617 et seq. (Perm. ed. 1950). Accordingly, it has been held that accidents occurring while an employee is seeking toilet facilities or otherwise attending to a call of nature are compensable. Larson, *supra,* § 21.53; Schneider, *supra,* § 1622.

There is no question but that Arizona gives effect to this "personal comfort doctrine." *See* Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953), and Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511 (1945). However, our Supreme Court has also made it clear that the "arising out of" language of A.R.S. § 23–1021, subsec. A requires that there be a causal connection between the employment and the injury. *See* City of Phoenix v. Industrial Commission, 104 Ariz. 120, 122,

449 P.2d 291, 293 (1969), *quoting* from McCampbell v. Benevolent & Protective Order of Elks, etc., 71 Ariz. 244, 251, 226 P.2d 147, 150 (1950); *see also* Whitington v. Industrial Commission, 1 5 Ariz. 567, 468 P.2d 926 (1970). As pointed out in the *City of Phoenix* case, *supra,* the constitutional basis for our Workmen's Compensation Law refers to risks of the employment or inherent in the nature of the *employment,* and not to risks inherent in the physical condition of the employee. *City of Phoenix, supra,* at 104 Ariz. 125, 449 P.2d 296, referring to Article 18, Section 8, Constitution of Arizona, A.R.S.

■ We are unable to find a causal connection between the injury and the employment in the facts here. It does not appear that the risk of disc herniation while arising from a toilet was a risk in any way peculiar to or increased by petitioner's employment. There is no suggestion that the structure or condition of any of the surroundings contributed in any way to the unfortunate event. Like so many of the heart attack cases involving progressive arteriosclerosis, the record indicates a degenerative condition which might have been brought to the acute stage by any one of a number of everyday motions, at home or at work. The mere fact that the accident occurred on the premises of the employer during working hours does not make it compensable. *City of Phoenix, supra,* at 104 Ariz. 123, 449 P.2d 294.

In her reply brief, petitioner places strong reliance upon Royall v. Industrial Commission, 12 Ariz.App. 145, 468 P.2d 596 (1970). The claimant there was on a paid coffee break in the employer's cafeteria when she tripped over another (presumably a fellow employee) on her way to make a personal telephone call. Such an externally caused injury is in critical contrast to the self-contained degenerative condition in the present case.

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.