564 P.2d 925

**NEW PUEBLO CONSTRUCTORS,**
Petitioner Employer,

**Employers Mutual Liability Insurance Co.**
of Wisconsin, Petitioner Carrier,

v.

**The INDUSTRIAL COMMISSION OF**
**ARIZONA, Respondent,**

Manny O. Arriola, Respondent Employee.

No. 1 CA–IC 1511.

Court of Appeals of Arizona,
Division 1,
Department C.

March 15, 1977.

Rehearing Denied April 15, 1977.

Review Denied May 24, 1977.

Lewis & Roca by Merton E. Marks, James B. Long, Phoenix, for petitioners Employer and Carrier.

John H. Budd, Jr., Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Hal W. Howard, Tucson, for respondent Employee.

JACOBSON, Presiding Judge.

We are asked, by this review of an award of the Industrial Commission, to determine whether the medical evidence reasonably supports the conclusion that claimant's herniated disc was caused or "aggravated" by an industrial episode.

The legal issues of this case are framed in the following factual posture. On September 23, 1974, while in the employ of New Pueblo Constructors, Inc., and subsequent to loading panels onto a pickup truck during his lunch hour, Manny O. Arriola, the respondent employee, experienced stiffness in his low back. The pain subsided until approximately ten days later when, during a layoff period, he noticed pain in his low back and left thigh while putting on his shoes at home. Following this incident, the

leg and back pain continued. On October 28, 1974, having returned to work with the petitioner employer, New Pueblo Constructors, he could not straighten up after he assisted fellow workmen in lifting and moving a beam.

Subsequently, Arriola filed for workmen's compensation benefits, alleging an injury by accident occurring on September 23, 1974, arising out of and in the course of his employment with New Pueblo. New Pueblo's insurance carrier, Employer's Mutual Liability Insurance Co. of Wisconsin, issued a Notice of Claim Status denying the claim. A Request for Hearing was timely filed.

Due to an initial dispute [1] over who was the actual employer during the alleged date of injury, the Industrial Commission, upon applicant's motion, ordered the joining as party-defendant, Pennington and Sons, Inc., and Liberty Mutual Insurance Co., Pennington's insurance carrier. Arriola then filed an application for workmen's compensation benefits, alleging an injury on October 28, 1974, arising out of and in the course of his employment with New Pueblo and Pennington and Sons, Inc. Liberty Mutual Insurance Co. issued a Notice of Claim Status denying this claim and Arriola filed a timely Request for Hearing.

Pursuant to Arriola's request, the two separate Requests for Hearing were combined. In his Award, the hearing officer found that the September 23, 1974 incident involving an injury during Arriola's lunch hour did not arise out of and in the course of his employment by either of the employers. Arriola has not sought review of this finding. However he found, and affirmed upon his review, that on October 28, 1974 the respondent employee sustained an injury arising out of and in the course of his employment with petitioner New Pueblo Constructors. This Decision was based on a finding that the October 28, 1974 incident aggravated a pre-existent back condition as a result of which respondent suffered a herniated disc. It is from this Decision and Findings that the present Petition for Special Action lies.

We are faced in this case with the troublesome problem of whether the incident which occurred on October 28, 1974, while Arriola was at work was a true "aggravation", that is, did it worsen or accelerate a prior condition which results, legally, in a "new injury" and is compensable under the workmen's compensation laws, or did the employment merely provide the situs for a manifestation of symptoms related to the prior condition and thus not compensable? *Compare Harbor Ins. Co. v. Industrial Commission*, 19 Ariz.App. 569, 509 P.2d 641 (1973) *with Sacks v. Industrial Commission*, 13 Ariz.App. 83, 474 P.2d 442 (1970).

The differentiation between these two concepts is resolved by reviewing the medical testimony. Three medical experts testified in these proceedings: Dr. Jaime C. Vargas, a neurosurgeon who was Arriola's treating physician; Dr. Rashid A. Kahn, a general and vascular surgeon who examined Arriola shortly after the October 28, 1974 episode; and Dr. Stuart Holtzman, an M.D. specializing in physical medicine and rehabilitation. Dr. Holtzman expressed no opinion as to the causal or contributing relationship between Arriola's present condition and the October 28, 1974 episode.

Dr. Kahn, while expressing an opinion that Arriola's condition "could have been aggravated" by the October 28, 1974 incident, on cross examination admitted that he was unable to determine whether the lunch time incident of September 23, 1974 or the October 28, 1974 incident was the producing incident for the herniation. This testimony will not support an award of compensability. We have held that where two injuries, one being industrially related and the other being nonindustrial, could have produced the claimant's condition, but the evidence does not show which was the

---

1. This dispute has been resolved in hearings before the Industrial Commission, with the conclusion that New Pueblo Constructors was the employer during both the September 23, 1974 and October 28, 1974 dates. This issue is not before us on the present appeal.

causal factor, the claimant has failed to sustain his burden of proving an industrial injury. *Bishop v. Industrial Commission*, 17 Ariz.App. 42, 495 P.2d 482 (1972).

We are thus left with the testimony of Dr. Vargas to support the hearing officer's award. Dr. Vargas was examined extensively concerning his opinion as to whether the non-industrial incident of September 23, or the industrial incident of October 28 caused or contributed to the disc extrusion. He testified:

"[W]e have to speculate and as speculation we have to consider the first incident as the triggering event and all the others as aggravating."

In explaining his use of the word "aggravating", Dr. Vargas noted:

"Well, I don't know how much is really aggravation. It's an event that triggers pain again. Because we know that a person can develop an extruded disc for reasons that are quite obscure and it might get totally well and goes that way for months, sometimes years."

Further testifying, Vargas continued:

"So the fact that there were further triggering events for pain does not necessarily mean that they were aggravating

.   .   . .

"The condition was there and it just triggered pain again."

Specifically, Vargas stated the following:

"Q. But as I understood the October 28, 1974 incident with the history you have got, may have been a further pushing of the disc into the canal or the disc may have been already in the canal and this may have been simply an event which produced pain and you can't say which it was?

"A. That's correct."

Viewing Dr. Vargas' testimony as a whole, we must conclude that it was his opinion that the non-industrial incident of September 23, 1974 caused the disc extrusion. It was further his opinion that the October 28 episode, as with the shoe tying

incident, merely involved a movement on the part of Arriola which manifested itself in symptoms of pain related to the prior extrusion. In particular, Dr. Vargas was unable to determine whether the incident occurring on October 28 in fact worsened the prior extrusion so as to qualify it as an industrially compensable "aggravation" of that prior condition.

A somewhat similar situation was present in *Siqueiros v. Industrial Commission*, 20 Ariz.App. 104, 109, 510 P.2d 415, 420 (1973) where this court stated:

"We can conclude from this only that the condition was previously undiscovered or because it now comes to light for the first time that it is a new condition, not in the sense that there is a new external injury or accident, but in the sense that it is a newly manifested condition attributable to the previous industrial episode .   .   . ."

In our opinion, then, Dr. Vargas' testimony does not support the hearing officer's award. We are mindful that this court's function is not to try the factual issues anew but that the findings of the trier of fact must be sustained if reasonably supported by the evidence. *Torrez v. Industrial Commission*, 12 Ariz.App. 21, 467 P.2d 245 (1970). However, here we are simply unable to find that evidence which would reasonably support the finding of a compensable injury on October 28, 1974.

Hence, the award is set aside.

FROEB, C. J., and HAIRE, J., concur.