929 So.2d 350 (2006)
Melissa FRANKS, Appellant
v.
FOAM CRAFT and Mississippi Manufacturers' Association Workers' Compensation Group, Appellees.
No. 2004-WC-02363-COA.
Court of Appeals of Mississippi.
January 17, 2006.
Rehearing Denied May 23, 2006.
*351 Cory Patrick Sims, William C. Stennett, attorneys for appellant.
Jeffrey Dean Leathers, Tupelo, attorney for appellees.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Melissa Franks filed a petition to controvert her workers' compensation claim. The administrative law judge denied Franks' claim, finding that Franks failed to show that her injury was work-related. The Workers' Compensation Commission and the Lee County Circuit Court affirmed. Franks appeals to this Court, raising the following issue:

WHETHER FRANKS CARRIED HER BURDEN OF PROOF THAT HER INJURY WAS WORK-RELATED
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On June 4, 2001, Melissa Franks was working at her job at Foam Craft, which involved stacking bags of inserts. Each bag weighed thirty-five pounds, and she had to stack the bags over her head. The time card showed that Franks worked her full eight hour shift on that day.
*352 ¶ 4. The next morning, Franks awoke with pain in her back and could not walk. She asked her sister-in-law to inform her employer that she could not work. On June 6, 2001, she went to see her family physician, Dr. Grayden A. Tubb. Dr. Tubb recorded that Franks stated that she had been in pain for three or four days. During this visit, Dr. Tubb specifically asked Franks whether the injury was work-related, and Franks said the injury was not work-related.
¶ 5. Dr. Tubb restricted Franks to light duty. Franks returned to work on June 7, 2001, but she was sent home because there was no light duty job available that day.
¶ 6. On June 18, 2001, Franks re-visited Tubb. In Dr. Tubb's office notes, he stated:
She [Franks] says that she has gone to a lawyer to have it taken care of by Workmen's Compensation, but I reminded her that on June 6, 2001, that when she came in that she had told me that she did not remember any kind of an injury and that it had started hurting three or four days before that. She said that she had tried to go back to work with a note that she needed to do light duty and they told her that they would not work [her] until she was able to go back to work entirely and would not let her go back to work, so she saw a lawyer.
¶ 7. Franks returned to Dr. Tubb on August 7, 2001. For the first time the nurse's notes list the onset of pain as June 4, 2001. Also, for the first time, the nurse's notes recount an alleged work injury.
¶ 8. Throughout the entire course of treatment, Franks never related to Dr. Tubb a specific cause for her back condition. Dr. Tubb testified, "She never did identify how she hurt her back. She just said that she felt it was a Workman's Comp. injury." Dr. Tubb testified that Franks' condition could "be caused by any number of things."
¶ 9. Franks offered into evidence the medical records of Dr. Laura Gray. Dr. Gray examined Franks on October 22, 2001, and administered an MRI on November 15, 2001. The MRI showed that there was disc herniation. Dr. Gray's report stated that Franks' back had "popped" while she was stacking inserts at work on June 4, 2001, and that she had been unable to get out of bed the next day because of the pain. On a form labeled, "Physical Exam," Dr. Gray put an asterisk beside the phrase, "Over-reaction (pain behavior)."
¶ 10. On November 30, 2001, Franks returned to Dr. Tubb. Dr. Tubb stated in his notes:
Her lawyer sent her to Dr. Laura Gray who did a magnetic resonance imaging on her back and sent the report to the lawyer, but she did not give her any treatment. The magnetic resonance imaging shows a small broad based central L5-S1 disc herniation. There was not overt nerve canal or neuroforaminal stenosis.
¶ 11. Franks filed a motion to controvert. The administrative law judge found that Franks failed to meet her initial burden of proof that she sustained a work-related injury. Accordingly, the administrative law judge denied Franks' workers' compensation claim. The Workers' Compensation Commission affirmed the administrative law judge, and the circuit court affirmed the Commission.

ANALYSIS

WHETHER FRANKS CARRIED HER BURDEN OF PROOF THAT HER INJURY WAS WORK-RELATED
¶ 12. The Workers' Compensation Commission is the ultimate finder of *353 fact. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). The findings of the Workers' Compensation Commission are binding on this Court when the Commission's decision is supported by substantial evidence. Guardian Fiberglass, Inc. v. LeSueur, 751 So.2d 1201, 1204(¶ 7) (Miss.Ct.App.1999). Therefore, this Court will not overturn the Commission's findings of fact unless they were arbitrary and capricious. Id.
¶ 13. The initial burden of proof is on the claimant to show that she has suffered a loss of wage-earning capacity as the result of a work-related injury. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994). Unless common knowledge suffices, medical evidence must prove not only the existence of a disability but also its causal connection to the employment. Howard Industries, Inc. v. Robinson, 846 So.2d 245, 259 (¶ 49) (Miss.Ct.App.2002).
¶ 14. Franks first visited Dr. Tubb on June 6, 2001, two days after she alleged she suffered a work-related injury. According to Dr. Tubb's notes from the first office visit, the pain began three or four days prior to the doctor visit, and Franks related at that time that her pain was not due to a work-related injury. Although Franks continued to receive treatment from Dr. Tubb, she never related a work-related injury to him. The first notation of a work-related injury was in a nurse's note on August 7, 2001, Franks' fourth visit to Dr. Tubb. This notation did not identify how she allegedly hurt her back.
¶ 15. Dr. Gray was the only other treating physician for Franks. Although Dr. Gray performed an MRI that showed a herniated disc, she did not set forth an opinion regarding the link between Franks' injury and her activities at work.
¶ 16. Bob Wiles, Franks' supervisor at Foam Craft, testified that Franks had not reported a work-related injury to him during the week on June 4, 2001. Wiles also testified that when Franks returned to work on June 7, 2001, she stated that she did not know how she injured her back. Wiles testified that Franks did not claim that her injury was work-related until after she retained an attorney.
¶ 17. The Workers' Compensation Commission was presented with substantial evidence showing that Franks failed to meet her burden of proof that her injury was work-related.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.