CARLTON, J.,
Dissenting:
¶ 20. Because I find the majority’s analysis in this case exceeds this Court’s scope of review, I must respectfully dissent. I find ample evidence in the record to support the Commission’s finding that White failed to satisfy her burden of proof that she experienced a compensable injury to her back. Therefore, I would affirm the trial court’s judgment, which affirmed the Commission’s denial of benefits.
¶ 21. This Court’s standard of review in a workers’ compensation appeal is limited. This Court must determine only whether the decision of the Commission is supported by substantial evidence. Casino Magic v. Nelson, 958 So.2d 224, 228(¶ 13) (Miss.Ct.App.2007) (citing Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999)). “The Commission sits as the ultimate finder of facts; its findings are subject to normal, deferential standards upon review.” Id. (citing Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993)). Because our review is limited, this Court “will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (citing Westmoreland, 752 So.2d at 448 (¶ 8)). We maintain this deferential standard of review even when we would have been persuaded to rule otherwise if we had been the fact-finder. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). Though we defer to the Commission’s findings of fact, “[w]e review the Commission’s application of the law de novo.” Univ. of Miss. Med. Ctr. v. Smith, 909 So.2d 1209, 1218 (¶ 30) (Miss.Ct.App.2005) (citing ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 45 (¶ 10) (Miss.1999)).
¶ 22. Mississippi Code Annotated section 71-3-7 (Rev.2000) provides, in part, the following regarding compensation for workplace injuries:
Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease. An occupational disease shall be deemed to arise out of and in the course of employment when there is evidence that there is a direct causal connection between the work performed and the occupational disease.
(Emphasis added).
¶ 23. Mississippi Code Annotated section 71-3-3(b) (Rev.2000) defines “injury,” in part, as follows:
accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner. Untoward event includes events causing unexpected results. An untoward event or events shall not be presumed to have arisen out of and in the course of employment, except in the case of an employee found dead in the course of employment.
(Emphasis added).
¶ 24. Furthermore, the supreme court articulated the following burden of proof in a workers’ compensation case:
In a workers’ compensation case, the claimant bears the burden of proving by a “fair preponderance of the evidence” each element of the claim. These elements are: (1) an accidental injury, (2) arising out of and in the course of em *625 ployment, and (3) a causal connection between the injury and the death or claimed disability.
Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 13 (Miss.1994).
¶ 25. The employer concedes that White’s injury occurred during the course of her employment, leaving the Commission to determine only whether the injury “arose out of’ White’s employment. To arise out of employment, an injury must bear some causal connection between the employment and the injury. Big “2” Engine Rebuilders v. Freeman, 379 So.2d 888, 890 (Miss.1980). Injuries may occur “in the course of’ employment when the injury is the result of an activity that “(1) in its overall contours [is] actuated at least in part by a duty to serve the employer, or (2)[is] reasonably incidental to the employment.” Id.
¶ 26. White argues that under the personal-comfort doctrine, her injury is com-pensable. Under the personal-comfort doctrine, injuries that result from an employee’s attending to her personal needs are compensable when reasonably incidental to her employment duties. See John R. Bradley & Linda R. Thompson, Mississippi Workers’ Compensation § 4:34 (Thompson-West 2006). Personal-comfort activities are not necessarily activities required by the employment duties, but which occur while the employee is on the employer’s premises during working hours. Id. Activities contemplated under the personal-comfort doctrine include, among other activities, using the restroom on the employer’s premises. Id.
¶ 27. White asserts that she presented undisputed proof that she slipped while seating herself on the toilet and then immediately felt pain. If White slipped and hit her back against the toilet, as she alleges, her injury is compensable. See Smith v. Container Gen. Corp., 559 So.2d 1019, 1022 (Miss.1990) (finding injury com-pensable where employee hit a wooden pallet and employer’s concrete floor as a result of alcohol-withdrawal syndrome); Dependents of Chapman v. Hanson Scale Co., 495 So.2d 1357, 1360-61 (Miss.1986) (finding death compensable where deceased suffered a seizure and struck his head on the employer’s concrete floor); c.f. Malone & Hyde of Tupelo, Inc. v. Hall, 183 So.2d 626, 629-30 (Miss.1966) (finding no causal connection between employee’s sneezing and subsequent back injury and his employment).
¶ 28. While I agree that White’s injury would be compensable if she fell against the toilet on the employer’s premises, I am mindful that the determination of whether White hit her back against the toilet is a matter of fact for the Commission to determine.[1] Our standard of review in a *626 workers’ compensation case is limited to determining whether substantial evidence exists in the record to support the Commission’s decision. Franks v. Foam Craft, 929 So.2d 350, 353(¶ 12) (Miss.Ct.App.2006).
¶ 29. After considering the testimony and the medical records in this case, the Commission made the following findings:
White’s version of a March 22, 2005, slip and fall is simply not credible. We likewise are not persuaded that she herniated a disc while standing up, or sitting down, or doing anything else that may be considered work related. We are not at all convinced the disc herniation even occurred at work, and were it not for the stipulation agreed to by the Employer/Carrier, we likely would find that nothing at all happened at work. While the Workers’ Compensation Act covers risks which are inherent in the nature of the employment, and even those arising from personal[-]comfort activities such as going to the bathroom, the mere fact that Claimant’s disc herniated or became symptomatic while at work does not make her claim compensable.
(Emphasis added). The Commission evaluated the evidence before it and found White’s story lacked credibility. Ultimately, the Commission judges the credibility of witnesses. Manning v. Sunbeam-Oster Household Prods., 979 So.2d 736, 740 (¶ 13) (Miss.Ct.App.2008) (citing Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461 (¶ 27) (Miss.2006)).
1130. I find ample evidence in the record to support the Commission’s finding that White did not suffer a slip and fall accident while in the restroom on the employer’s premises. The record reflects that White never reported to any of her doctors that she had fallen at work. She simply told the doctors that she had experienced pain when getting up from the toilet. White did not inform her supervisor, Lt. Rebecca Blount, that she suffered a fall in the restroom, even though she testified that she considered Lt. Blount a friend. White failed to report her injury as being work-related until months after it occurred. Further, even though Officer Berry testified that White told her she had fallen in the restroom, Officer Berry did not report the incident to her supervisors until the same day White reported the incident.
¶ 31. White contends that her injury is compensable regardless of whether she fell and hit the toilet or whether her injury occurred as she stood up from the toilet. The administrative law judge found that White was engaged in a personal-comfort activity at the time of her injury and that her injury was compensable regardless of whether or not she experienced an actual trauma in the restroom. I agree that White’s injury falls under the personal-comfort doctrine for determining whether her injury arose in the course of her employment. However, White still must show a causal connection between her employment and her injury to satisfy the “arising out of’ portion of the statute. See Big “2” Engine Rebuilders, 379 So.2d at 890. White fails to satisfy this requirement. Because the Commission, as the ultimate fact-finder, determined that White’s injury did not result from a fall, we are left with an injury, a herniated disc, that occurred, by coincidence, in the employer’s restroom.
¶ 32. The employer points this Court to several cases in other jurisdictions which have dealt with similar issues. I find those cases instructive in White’s case. The Arizona Court of Appeals addressed a *627 nearly identical situation in Sacks v. Industrial Commission, 13 Ariz.App. 83, 474 P.2d 442 (1970). The claimant in Sacks suffered a herniated disc while arising from a toilet on the employer’s premises. Id. at 442. The claimant, like White, had a pre-existing back condition. Id. The Sacks court addressed whether the injury was one “arising out of’ the claimant’s employment. Id. Recognizing that her injury occurred in the course of her employment under the personal-comfort doctrine, the court of appeals still found no causal connection between Sacks’s work and her injury. Id. at 443. The court denied compensation and gave the following explanation:
It does not appear that the risk of disc herniation while arising from a toilet was a risk in any way peculiar to or increased by petitioner’s employment. There is no suggestion that the structure or condition of any of the surroundings contributed in any way to the unfortunate event.... The mere fact that the accident occurred on the premises of the employer during working hours does not make it compensable.
Id. Like the claimant in Sacks, White has proven no defect with the toilet or in the bathroom which contributed to her injury.
¶ 33. The Florida Supreme Court addressed another case with similar facts. In Southern Bell Telephone and Telegraph Co. v. McCook, 355 So.2d 1166 (Fla.1977), the Florida Supreme Court denied benefits to a claimant, McCook, who injured her back as she bent over while seated on the toilet in the employer’s restroom. Id. at 1167. McCook had a congenital abnormality in her back; bending down while seated on the toilet triggered her condition. Id. The Florida court adopted the reasoning of the Arizona Court of Appeals in Sacks and found that McCook’s injury did not arise out of her employment because there was no causal connection between her employment and her injury. Id. at 1169. See also Miedema v. The Dial Corp., 551 N.W.2d 309, 312 (Iowa 1996) (holding that claimant’s back injury arose in the course of employment, but it did not arise out of his employment).
¶ 34. The record leaves me with no doubt that White suffers from a debilitating condition which prevents her from returning to regular employment. However, I am, as the other members of this Court, limited to an examination of the evidence in the record to determine not whether her injury arose out of and in the course of her employment, but whether substantial evidence exists in the record to support the Commission’s determination that it did not. See Casino Magic, 958 So.2d at 228 (¶ 13) (citing Westmoreland, 752 So.2d at 447 (¶ 7)). Therefore, for the reasons stated, I would affirm the trial court’s judgment, which affirmed Commission’s determination that White’s injury did not arise out of her employment with the MDOC.
ISHEE, J„ JOINS THIS OPINION.

. The Mississippi Workers' Compensation Act (the Act) is a remedial statute, and as such, it should be construed fairly to promote its beneficent purpose. Big "2" Engine Rebuilders, 379 So.2d at 889 (citations omitted). However, questions of law, such as interpretation of the Act, differ from factual determinations by the Commission. The supreme court in Big "2” Engine Rebuilders distinguished between broadly interpreting the language of the Act and the appellate courts' deferential standard of review regarding questions of fact determined by the Commission. Id. at 890-91. The Big “2” Engine Rebuilders court examined the statutory language of the Act in explaining that the broadly construed words of causation, such as “arising out of,” require a nexus between the injury and the employment. Id.
While noting the intent of a broad interpretation of the Act, the supreme court provided that the base-line was a "rational connection” between the employment and the injury, and the question of whether a causal connection existed constituted a question of fact, not law. Id. at 891 (citing Barry v. Sanders, 211 Miss. 656, 52 So.2d 493 (1951) finding that whether the claimant was assaulted because of his *626 employment was a question of fact for the Commission to determine).'