IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

SOUTHWEST DESERT IMAGES, LLC,
*Petitioner Employer*,

COLORADO CASUALTY INSURANCE COMPANY,
*Petitioner Insurer*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

DAN SLAVEN,
*Respondent Employee*,

SOUTHWEST DESERT IMAGES, LLC,
*Respondent Employer*,

COPPERPOINT MUTUAL INSURANCE COMPANY,
*Respondent Insurer*.

No. 2 CA-IC 2014-0007
Filed October 28, 2014

———————————————

Special Action – Industrial Commission
ICA Claim Nos. 20081630150 and 20121150026 (Consolidated)
Insurer Nos. 0813656 and 604808420
Jacqueline Wohl, Administrative Law Judge

———————————————

**AWARD AFFIRMED**

_____

COUNSEL

Klein, Doherty, Lundmark, Barberich & La Mont, P.C.
By Eric W. Slavin, Tucson
*Counsel for Petitioners Employer and Insurer*

The Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Dix & Forman, P.C.
By J. Stephen Dix, Tucson
*Counsel for Respondent Employee*

James B. Stabler, Chief Counsel, CopperPoint Mutual Ins. Co.
By Veronique Pardee, Tucson
*Counsel for Respondents Employer and Insurer*

_____

**OPINION**

Presiding Judge Miller authored the decision of the Court, in which Judge Espinosa and Judge Vásquez concurred.

_____

M I L L E R, Presiding Judge:

¶1     In this statutory special action, petitioner insurer Colorado Casualty Insurance challenges the administrative law judge's (ALJ) application of the successive-injury doctrine in awarding disability compensation and medical benefits to be provided by Colorado Casualty, rather than State Compensation Fund of Arizona (SCF Arizona), the employer's former insurance carrier. For the following reasons, we affirm the award.

**Factual and Procedural Background**

¶2        In 2008, petitioner employee Dan Slaven sustained an industrial injury to his lower back while he was employed by Southwest Desert Images (SDI). SDI's then-insurance carrier, SCF Arizona, accepted the claim. An independent medical examiner diagnosed Slaven with a lumbar sprain/strain. The examiner also noted that Slaven suffered from a disc protrusion on his left side but because there were no left-side symptoms, he determined the protrusion was unrelated to the industrial injury. SCF closed the claim by notice in February 2010 with two percent impairment and no reduced earning capacity. Slaven continued to feel some pain in his back after the closure.

¶3        In April 2012, while working for SDI again, Slaven injured his back while moving rocks to clear a drainage canal. He did not feel pain until the next day, when the pain was so intense he could not walk. Later, the pain began to radiate down his left side and his left leg.

¶4        Slaven filed a petition to reopen the 2008 claim, which SCF rejected. Slaven also filed a claim for a new injury, which was rejected by SDI's 2012 insurance carrier, Colorado Casualty. He filed requests for hearing, and the ALJ consolidated the matters. During the three-day hearing, a physician testifying on behalf of Slaven opined that moving the rocks had caused a new injury and exacerbated the 2008 injury. Colorado Casualty's examiner concluded she could not characterize Slaven's increased pain as either an aggravation of a preexisting condition or a new injury. The ALJ issued a decision denying the 2008 petition to reopen and concluding the April 2012 claim was a new compensable injury pursuant to Arizona's successive-injury doctrine. SDI and Colorado Casualty sought review, and the ALJ affirmed the award. This special action followed.

**Application of Successive-Injury Doctrine**

¶5        Colorado Casualty contends the ALJ erred in applying the successive-injury doctrine based on the finding Slaven had suffered a new injury without any evidence of an "organic change." SCF argues a finding of a new injury does not require an organic

change. We defer to the ALJ's factual findings, but review questions of law de novo. *Munoz v. Indus. Comm'n*, 234 Ariz. 145, ¶ 9, 318 P.3d 439, 442 (App. 2014).

**¶6**　　　　Under the successive-injury doctrine, if a claimant elects to file both reopening and new injury claims, and satisfies the burden of proof as to both, then the carrier that is last in time is wholly responsible for workers' compensation benefits. *Vishinskas v. Indus. Comm'n*, 147 Ariz. 574, 577-78, 711 P.2d 1247, 1250-51 (App. 1985). In *Industrial Indemnity Company v. Industrial Commission*, this court detailed the elements required to shift liability. 162 Ariz. 503, 508, 784 P.2d 709, 714 (App. 1989) (*Industrial Indemnity II*). The latter carrier may be responsible for symptomatic aggravation if additional treatment is required or the industrial injury causes additional disability. *Id.* at 508-09, 784 P.2d at 714-15. The second carrier also may be responsible for the underlying condition if there is an "organic change" to that condition. *Id.*

**¶7**　　　　Liability for the aggravation and the underlying condition are separate considerations. *Id.* at 509, 784 P.2d at 715; *see also Indus. Indem. Co. v. Indus. Comm'n*, 152 Ariz. 195, 199, 731 P.2d 90, 94 (App. 1986) (*Industrial Indemnity I*) (finding anatomical change not necessary to prove new injury when dispute concerns only compensable consequences of aggravation, and not attempt to shift liability for underlying condition). An incident results in a new injury where it is a true aggravation, that is, it worsens or accelerates a prior condition. *New Pueblo Constr. v. Indus. Comm'n*, 115 Ariz. 236, 237, 564 P.2d 925, 926 (App. 1977). There is no new injury if the employment "merely provide[d] the situs for a manifestation of symptoms related to the prior condition." *Id.*

**¶8**　　　　Colorado Casualty contends the requirements in *Industrial Indemnity II* have been rejected by this court in a newer case, *Kaibab Industries v. Industrial Commission*, 196 Ariz. 601, 2 P.3d 691 (App. 2000). It relies on the *Kaibab* court's explanation of the requirements of the successive-injury doctrine:

> [A]n employee's underlying condition may become the responsibility of an employer if the new work activity causes organic

> change in the underlying condition. A new
> employer also may be responsible for
> symptomatic aggravation but only if it
> amounts to an additional disability.
> Therefore, when the aggravation is caused
> by circumstances that would constitute the
> new injury, the employer is liable for all
> disabilities flowing from that aggravation.
>
> Alternatively, when a change in condition
> is but an aggravation of the first injury,
> there is no new injury.

*Kaibab Indus.*, 196 Ariz. 601, ¶¶ 12-13, 2 P.3d at 696 (internal citations omitted).[1] Colorado Casualty argues that *Kaibab* requires an "organic change" for a new injury, as anything else would be a mere aggravation of the earlier injury.

¶9 Colorado Casualty's reading of *Kaibab* is unavailing. First, there is no indication in *Kaibab* that the court intended to narrow the application of the successive-injury doctrine. *See id.* ¶¶ 12-13. Second, *Kaibab* explicitly states, as noted above, "A new employer also may be responsible for symptomatic aggravation but only if it amounts to an additional disability." *Id.* ¶ 12. As stated in *Industrial Indemnity II*, on which *Kaibab* relied, aggravation of an old injury resulting in additional disability is compensable by the new employer without an organic change. *Id.*; *see also Indus. Indem. II*, 162 Ariz. at 508-09, 784 P.2d at 714-15; *Indus. Indem. I*, 152 Ariz. at 199, 731 P.2d at 94. The presence of organic change from the new work activity shifts liability to the current employer, but it is not a condition precedent. *See id.*; *Indus. Indem. II*, 162 Ariz. at 508-09, 784 P.2d at 714-15; *Indus. Indem. I*, 152 Ariz. at 199, 731 P.2d at 94.

¶10 Colorado Casualty also argues, relying on *Kaibab*, that there was no new injury here because Slaven merely aggravated his

---

[1] Although *Kaibab* refers to new employers, the successive-injury doctrine also may apply when the employer is the same, but the insurance carrier has changed. *See, e.g.*, *Industrial Indemnity II*, 162 Ariz. at 504, 784 P.2d at 710.

underlying condition. 196 Ariz. 603, ¶ 14, 2 P.3d at 696. In *Kaibab*, the employee sustained two industrial injuries to her back in 1994 and 1995 that were accepted and ultimately closed. 196 Ariz. 603, ¶¶ 2-3, 2 P.3d at 694. Her third industrial injury occurred in 1997 when she felt sharp back pain while standing up after sitting for a break. *Id.* ¶ 4. At a hearing regarding reopening the 1995 claim, two doctors disagreed about whether the pain was related to the 1995 injury or the act of standing up in 1997. *Id.* ¶¶ 7-8. The ALJ resolved the medical conflict in favor of the doctor who believed the pain related to the earlier injury, and granted the petition to reopen that claim. *Id.* ¶ 9. This court affirmed the award, concluding the doctor's testimony was sufficient to show that the 1995 injury was merely aggravated in 1997 and that the successive-injury doctrine did not apply. *Id.* ¶ 14.

¶11 Here, unlike in *Kaibab*, the ALJ resolved the conflicting medical testimony in favor of the doctor who believed the later industrial incident was a new injury. Dr. David Jacobs examined Slaven at his request and testified that Slaven had suffered a work injury while he was moving rocks in 2012, which aggravated his 2008 injury. He also testified that Slaven had more recently begun to suffer from a soft tissue injury and impinged nerve causing him radicular symptoms down his left side, which he did not have after the 2008 injury.

¶12 Dr. Marjorie Eskay-Auerbach, who conducted an independent medical examination at Colorado Casualty's request, found that Slaven suffered from axial low back pain, which at most was "more intense" in 2012, but she did not believe an injury occurred in 2012. Dr. Eskay-Auerbach admitted she would have expected a 2008 sprain/strain to have resolved by 2012, and she was not aware of Slaven's newer left-sided symptoms, and therefore could not comment on them.

¶13 The ALJ found the testimony of Dr. Jacobs to be the "most probably correct and well founded." We will not disturb the ALJ's resolution of medical conflicts unless it is "wholly unreasonable," and we do not do so here. *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19, 695 P.2d 261, 268 (1985). Slaven's testimony and the testimony of Dr. Jacobs support the ALJ's findings

that the 2012 industrial injury was a new injury caused by his moving rocks, not merely a new manifestation of the 2008 injury. *See Indus. Indem. I*, 152 Ariz. at 199, 731 P.2d at 94 (successive-injury doctrine applied when doctor testified underlying condition could have been controlled, but work injury increased disability).

## Disposition

¶14  For the foregoing reasons, the award is affirmed.