NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ANTONIO ROJAS DIAZ, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

SUN VALLEY MASONRY, INC., *Respondent Employer,*

ARCH INSURANCE/GALLAGHER BASSETT, *Respondent Carrier*

No. 1 CA-IC 15-0019
FILED 1-26-2016

---

Special Action – Industrial Commission

ICA Claim No. 20140-360192

Carrier Claim No. 0036484-000342-WC-01

The Honorable Andrew Campbell, Administrative Law Judge

**AFFIRMED**

---

APPEARANCES

Antonia Rojas Diaz
*Pro Se Petitioner*

The Industrial Commission of Arizona, Phoenix
By: Andrew F. Wade
*Counsel for Respondent*

Jardine Baker Hickman & Houston, PLLC, Phoenix
By Stephen C. Baker, Rae Richardson
*Counsel for Respondent Employer*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1        Antonio Rojas Diaz filed this petition for special action contesting a decision by the Industrial Commission of Arizona denying his claim for workers' compensation.  The issue is whether a factual basis existed for the administrative law judge's ("ALJ") ruling.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Diaz was employed by Sun Valley Masonry as a cement finisher when he fell from a truck in October 2013, landing on his back and left elbow.  Diaz initially felt pain but finished out the day and continued working off and on until December 10.  At that point he was in too much pain to continue working so he went to the hospital and subsequently filed an incident report with Sun Valley.

¶3        The ALJ held an evidentiary hearing on various days extending from October 2014 to January 2015, receiving testimony from three doctors, Diaz, and several of Diaz's coworkers.  The ALJ issued a comprehensive decision upon hearing detailing and comparing the conflicting testimony of the medical witnesses.  The ALJ resolved the conflicting testimony in favor of Sun Valley and concluded therefore that Diaz had "not met his burden of establishing [that] he sustained a compensable industrial injury pursuant to A.R.S. § 23-1021."

¶4        Diaz filed a request for review and included additional medical reports and opinions not introduced at the underlying hearing. The ALJ issued a decision upon review affirming his previous award.  Diaz then filed this special action.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

**ANALYSIS**

¶5          Diaz argues that the ALJ failed to adequately consider the evidence of his fall and injury and the testimony from his coworkers and Dr. Sanjay Patel.  He also asserts that Sun Valley failed to make a proper accident report.  Finally, Diaz urges us to consider the records and opinions of the doctors and therapists that he submitted to the ALJ after the decision upon hearing.

¶6          We review the evidence in a light most favorable to upholding the award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  "We will not disturb an ALJ's findings of fact so long as [they are] substantiated by competent evidence."  *City of Tucson v. Indus. Comm'n*, 236 Ariz. 52, 55, ¶ 6 (App. 2014).

¶7          The ALJ heard testimony supporting Diaz from Dr. Patel.  Dr. Patel examined Diaz and reviewed the medical reports, and in his opinion, Diaz's injuries were causally related to his fall.  Dr. Patel testified the fall "could have caused some of the findings in the imaging studies as well as aggravated some of the underlying preexisting degenerative changes."  Dr. Patel also said that Diaz required further medical treatment as a result of the accident.

¶8          The ALJ then heard contradicting testimony from Dr. Edward Dohring regarding Diaz's back pain.  Dr. Dohring explained that, in his opinion, the injuries and pain Diaz complained of were not brought on by the fall:

> [T]he imaging shows that *his L1 compression fracture is old and has osteophytic spurring that takes years to develop*, that we typically see in old compression fractures, not in new ones; no signal changes on the MRI that was performed that would indicate anything acute or ongoing with regard to the compression fracture.  People who have kyphosis associated with compression fractures are much more likely to get degenerative disease of the lumbar spine.  He has *chronic degenerative changes at multiple levels*.  Again, *these are the kinds of things that typically take years to develop* and he has mild stenosis of multiple areas of the lumbar spine, probably most significant at L3-4, but still the kinds of things that typically are seen every day in the office in people where *they're taking*

*years to develop and an injury doesn't play any role in their development or their becoming symptomatic.*

(Emphasis added).

**¶9**         Finally, the ALJ received testimony from Dr. Peter Campbell regarding Diaz's arm and shoulder.  Dr. Campbell opined that there was no objective evidence of an injury to either the shoulder or the elbow.  He also stated that the symptoms and pain Diaz described were not consistent with a limb injury.

**¶10**        It is the responsibility of the ALJ to resolve conflicting medical testimony.  *Karber/Interstate Air v. Indus. Comm'n*, 180 Ariz. 411, 416 (App. 1994) (citing *Stainless Steel Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985)).  Furthermore, "[w]e will not disturb the ALJ's resolution of medical conflicts unless it is 'wholly unreasonable.'" *Sw. Desert Images, LLC v. Indus. Comm'n*, 236 Ariz. 189, 192, ¶ 13 (App. 2014) (quoting *Stainless Specialty*, 144 Ariz. at 19).

**¶11**        Both parties presented the ALJ with substantial but conflicting evidence.  On this record, we cannot say that the ALJ's decision was "wholly unreasonable" or unsubstantiated by any competent evidence. *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217, 439 P.2d 485, 489 (1968) (explaining that when there is a conflict between two experts, the ALJ is to weigh the conflicting evidence, judge witness credibility, and determine which opinion to rely on).  The ALJ made detailed findings and determined that Dr. Dohring's and Dr. Campbell's opinions were "more probably correct and well founded."  The decision is supported by competent evidence.

**¶12**        Having resolved the conflicting expert medical testimony in favor of the opinions of Drs. Dohring and Campbell, the ALJ then concluded that Diaz had not met his burden of establishing he had sustained a compensable industrial injury.  *See Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977) (injuries must be proven causally related to the industrial accident); *see also* A.R.S. § 23-1021.

**¶13**        Diaz also claims that he was prejudiced by Sun Valley's failure to timely fill out and file an accident report.  An employer's report of injury was filed by Sun Valley, however, and Diaz was not penalized by the ALJ in any way for the timing of Sun Valley's report.   Moreover, the

ALJ specifically rejected Sun Valley's affirmative defense that Diaz had failed to timely ("forthwith") report the accident or injury.

¶14    Finally, Diaz urges us to set aside the ALJ's ruling based on additional records of therapy and doctors' opinions submitted by Diaz after the decision upon hearing.  In his decision upon review, the ALJ noted that he had considered all of the records submitted during the hearing process, but he would not consider any documents submitted after his decision upon hearing as they were untimely.  Because those records were not submitted to the ALJ prior to his decision upon hearing and because the ALJ did not abuse his discretion in declining to consider new records in his decision upon review, we also decline to consider them.  *See Kessen v. Stewart*, 195 Ariz. 488, 493, ¶ 19 (App. 1999) (generally we do not consider an issue raised for the first time on appeal); *see also Benitez v. Indus. Comm'n*, 15 Ariz. App. 54, 55 (1971) (rejecting new allegations and facts submitted to the court at oral argument because they were not included in the original record).

## CONCLUSION

¶15    For these reasons, we affirm the award of the ALJ.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5