NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL TURNER, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ON TARGET STAFFING LLC, *Respondent Employer,*

WORK FIRST CASUALTY CO, *Respondent Carrier.*

No. 1 CA-IC 20-0025
FILED 5-6-2021

Special Action - Industrial Commission
ICA Claim No. 20182-890026
Carrier Claim No. 18836871-001

The Honorable Jeanne Steiner, Administrative Law Judge

**AFFIRMED**

COUNSEL

Jerome Gibson Stewart Stevenson Engle & Runbeck, P.C., Phoenix
By Joseph L. Coughlin
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark, Barberich, LaMont & Slavin, P.C., Phoenix
By R. Todd Lundmark
*Counsel for Respondent Employer and Respondent Carrier*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        Petitioner Michael Turner asks us to set aside an Industrial Commission of Arizona ("ICA") award finding his injury non-compensable. An administrative law judge ("ALJ") determined that Turner had not shown that his injury, which occurred while he was on break at work, was causally related to his employment. Because the injury was caused by an accident that did not arise out of Turner's employment, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        We consider the evidence in a light most favorable to sustaining the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). In September 2018, Turner worked in a call center, placed there by respondent On Target Staffing LLC. The call center had a break room that employees used to store food, eat lunch, and lounge in during work breaks. One night, as Turner attempted to open a refrigerator door, he fell onto his left side. Turner suffered a broken femur for which he required surgery and implantation of hardware. Turner filed a claim for workers' compensation and the claim was denied.

¶3        Turner challenged the denial, testifying that he had fallen because the refrigerator had moved toward him and knocked him over when he pulled the door handle and the door did not open. He also claimed that employees and management knew the refrigerator door was hard to open. Respondents called several witnesses to deny that the refrigerator door had ever been hard to open and to deny that complaints had been made about it. Thus, the explanation of Turner's fall became the central issue of contention at the hearing.

¶4 The best evidence of the cause of Turner's injury is the video recording of the fall. The break room surveillance video recording shows the room contained two full-size refrigerators placed side by side, a sink, coffee makers, a microwave, and several small tables with chairs. Of note, one of two recordings in evidence shows Turner walking with a slight limp and that he is able to open the refrigerator door without difficulty. The limp is due to prior medical interventions to his left knee. That knee has been replaced several times since 2006. Medical evidence shows that his left leg is slightly shorter than his right, which causes him to have a mildly altered gait.

¶5 The second video captures the moment Turner fell. It shows that as he reaches out to grab the door handle with his right hand, his right foot is forward as he starts to pivot his body toward the refrigerator door and swing around to make room for the door as it opens. Simultaneously, his left foot starts to cross behind his right foot when it accidentally catches on his right heel, causing him to lose balance and fall. Turner briefly maintains his grip on the door handle in an attempt to break his fall but almost immediately loses it. The refrigerator slides into view as it turns toward him in response to the weight he has put on the handle, pivoting on the back left corner and ending up several feet out of place. Turner falls to the floor on his left hip.

¶6 An ALJ heard from Turner and the lay witnesses noted above, as well as two doctors who agreed that the injury was caused by the fall and that Turner was at risk for such a fall due to his age, altered gait, and medical history related to his left knee. The ALJ also viewed the breakroom videos. She rejected Turner's version of how he fell, finding that the evidence did not establish that "the fridge door [was] stuck when [Turner] pulled on it to open it or that the fridge was on wheels, moved forward, and knocked him to the floor." She concluded that Turner had failed to show "his risk of falling was in any way peculiar to or increased by his employment." After an administrative review in which the ALJ affirmed her decision, Turner brought this action.

**DISCUSSION**

¶7 We will affirm an award if it is reasonably supported by the evidence. *Lovitch*, 202 Ariz. at 105, ¶ 16. We defer to the ALJ's resolution of conflicting evidence and affirm findings if they are supported by any reasonable theory of the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398-99 (1975). The facts in this case support the ALJ's decision that Turner's employment contributed nothing to the risk of the injury he sustained.

¶8        To prevail on his claim, Turner must show that he suffered an injury by accident arising out of and in the course of his employment. Ariz. Rev. Stat. ("A.R.S.") § 23-1021; *Ibarra v. Indus. Comm'n*, 245 Ariz. 171, 174, ¶ 14 (App. 2018). There is no question that Turner's fall was an accident. Furthermore, the parties agree that, under the personal comfort doctrine, Turner was acting in the course of his employment while he was lounging in the break room and using the refrigerator. *See Sacks v. Indus. Comm'n*, 13 Ariz. App. 83, 84 (1970) ("employees who engage in reasonable acts which minister to their personal comforts remain within the course and scope of employment"). Thus, the focus of the inquiry is whether the injury arose out of employment. To prove that it did, Turner must show a causal connection between the employment and the injury. *See id.*

¶9        The facts do not show a causal connection between the injury and the employment. Turner fell because he accidentally tripped himself while reaching to open the refrigerator door. The risk of falling for Turner was solely personal due to his previously injured left knee and altered gait, conditions that had nothing to do with his employment. The ALJ could not find any defect in the refrigerator, break room, or other aspects of the work that caused the injury, and neither can we. To borrow language from *Sacks*, it does not appear that the risk of falling on his left hip while opening the break room refrigerator was a risk in any way peculiar to or increased by Turner's employment. *See id. See also* 1 Arthur Larson et al. *Larson's Workers' Compensation Law* § 9.01(4)(b) (2020) (in an idiopathic fall case, "it is reasonable to require a showing of at least some substantial employment contribution to the harm").

¶10        Turner's reliance on *Goodyear Aircraft Corp. v. Indus. Comm'n*, 62 Ariz. 398 (1945) to support his argument is misplaced. In that case, a soda bottle exploded and injured a security guard as he was putting it into a cooler at the worksite to drink later while on his lunch break. *Id.* at 400-01. Our supreme court held that the injury was compensable because, as a security guard, the worker was required to eat lunch on the premises. *Id.* at 415. Forty-five years later, the court admitted that the *Goodyear* decision had confused the "in the course of" component of the compensability formula with the "arising out of" component:

> [T]hese two tests have been confused. For example, in *Goodyear*, we said the injury "arose out of" claimant's employment because "his employer's business required him to be at the place of the accident at the time it occurred." This analysis focused on the time and place of the accident which

is part of the "in the course of" employment analysis [not the "arising out of" analysis].

*Circle K Store No. 1131 v. Indus. Comm'n*, 165 Ariz. 91, 94 (1990) (internal citation omitted). In *Goodyear*, a defect in the bottle was the cause of the explosion. 62 Ariz. at 401. The defect was a condition outside of the control of either the worker or the employer. In those types of cases, the responsibility to compensate for injury is usually placed on the employer rather than on the worker. *See* 1 *Larson's Workers' Compensation Law* § 9.03(3) (discussing the *Goodyear* decision). Thus, *Goodyear* does not support an argument that the injury arises out of the employment solely because a worker is injured while on break.

¶11 Instead, we find the facts in the *Sacks* case remarkably similar to those in this case. There, a worker was standing up after using a toilet on the employer's premises when she hurt her back in a manner that later required surgery. 13 Ariz. App. at 83-84. We noted that the mere fact that the accident occurred on the employer's premises during work hours was not enough to show compensability. *Id.* at 84. Instead, we held there was no evident causal connection between the employment and the injury that would support a determination of compensability. *Id.*

¶12 We conclude by noting that Larson's treatise favorably discusses the *Sacks* decision:

> The injury [to Sacks] was held to have occurred in the course of [Sack]'s employment, pursuant to the personal comfort doctrine, but the court denied compensation on grounds that the injury did not arise out of the employment. Note that the employment component was weak on both the "course" and "arising" side. As to "course," [Sacks] was engaged in a personal comfort activity; as to "arising," the real cause of injury was progressive deterioration of a personal weakness, with no real exertion or mishap related to the employment. [Sacks] was sufficiently within the course of employment so that, given some significant element of employment causal connection, an award could stand.

3 *Larson's Workers' Compensation Law* § 29.01. We find the same analysis applicable in this case. Therefore, the ALJ correctly concluded that the causation element had not been shown and Turner was not entitled to compensation for the injury.

## CONCLUSION

¶13        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA